IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LACEY K. KINDRED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-05-306-C |
| ) | |
| THE STATE OF OKLAHOMA, ex rel. ) | |
| THE BOARD OF REGENTS FOR THE ) | |
| OKLAHOMA AGRICULTURAL AND ) | |
| MECHANICAL COLLEGES, a state ) | |
| agency, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Before the Court is Defendant's Motion for Summary Judgment. Plaintiff filed a Response, to which Defendant filed a Reply. The matter is now at issue.

## I. BACKGROUND

Plaintiff brought the present action asserting claims for violation of the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601, *et seq.*, and gender discrimination and retaliation in violation of 42 U.S.C. §§ 2000e, *et seq.* (Title VII). According to Plaintiff, she was denied the right to take FMLA leave following the birth of her son and was retaliated against for using FMLA leave. Plaintiff further alleges she was subjected to a hostile work environment due to her gender and when she was subjected to retaliation for making a claim of discrimination. Plaintiff asserts the actions of Defendant eventually culminated in the termination of her employment.

Defendant filed the present motion asserting the undisputed facts make clear that no FMLA or Title VII violation occurred, there was no retaliation, and that Plaintiff was terminated due to her poor work performance, alteration of time records, and poor attendance.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact."  Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977).  The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A fact is material if it is essential to the proper disposition of the claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e).  These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves."  Celotex, 477 U.S. at 324.  Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any

point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).  All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III.  DISCUSSION

A.  FMLA Claim

Defendant, citing Brockman v. Wyoming Dep't of Family Servs., 342 F.3d 1159 (10th Cir. 2003), argues that to the extent Plaintiff's FMLA claim is premised on the need to take leave for self-care, it is barred by the Eleventh Amendment.  Plaintiff makes clear in her response that her FMLA claim is based on the need to take leave to care for her infant son.  Accordingly, the Eleventh Amendment has no impact on her claim.  See Nevada Dep't of Human Resources v. Hibbs, 538 U.S. 721 (2003) (holding Congress validly abrogated sovereign immunity with the family care provisions of the FMLA).

Turning to the merits of Plaintiff's FMLA claim, Plaintiff argues that following the November 2, 2004, meeting between herself and Mr. Hoffman she felt unable to take any FMLA leave.  As support for her position, Plaintiff points to a letter drafted by Mr. Hoffman which informed Plaintiff that she would be unable to take any annual leave or leave without pay during the 60-day probationary period following the date of the letter.  Plaintiff also points to the deposition testimony of Mr. Hoffman arguing he stated in his deposition that Plaintiff could not take time off for child care.  Plaintiff argues that based on this evidence,

3

she reasonably believed that she could not take FMLA leave during this disciplinary probationary period and therefore her rights under the FMLA were violated.

Despite Defendant's failure to recognize the basis for Plaintiff's FMLA claim, it is clear that as a matter of law that claim must fail. As Plaintiff makes clear in her Response brief, she believes Defendant interfered with her right to take FMLA leave to care for her newborn child. Therefore, there was no need for her to demonstrate the existence of a serious health condition as argued by Defendant. Rather, Plaintiff's FMLA claim arises under 29 U.S.C. § 2612(a)(1)(A), which states:

> Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:
>> (A) Because of the birth of a son or daughter of the employee and *in order to care for* such son or daughter.

(emphasis added). Relying on this portion of the statute, Plaintiff argues that her need to take occasional time off to care for her child is protected leave under the FMLA and Defendant's interference with that leave violated the FMLA. It is clear from the evidence before the Court that Plaintiff was seeking intermittent leave to care for her child. However, intermittent leave is not available on that ground. See 29 U.S.C. § 2612(b)(1) ("Leave under subparagraph (A) or (B) of subsection (a)(1) of this section shall not be taken by an employee intermittently or on a reduced leave schedule unless the employee and the employer of the employee agree otherwise."). Thus, Plaintiff's desire to take a day or less off here and there as needed to care for her child, when there is no evidence the child had a serious health condition, is not protected by the FMLA. Plaintiff offers no evidence or argument that she

sought to take an additional block of time to care for her newborn child. Indeed, the letter from Mr. Hoffman expressly recognized the possibility that Plaintiff may need FMLA leave and consistent with the provisions of the statute, advised Plaintiff to notify him if she felt that type of leave was needed. It is undisputed that Plaintiff never made such a request. Accordingly, Defendant is entitled to judgment on Plaintiff's FMLA claim.

B. Title VII Claim

Plaintiff argues she was subjected to sexual harassment because a co-worker patted or hit her on the bottom. Plaintiff also asserts she was subjected to discriminatory and derogatory comments about her weight both before and after her pregnancy.

Plaintiff's Title VII claim must fail. As for the pats or hits to Plaintiff's buttocks, the evidence is clear those came from only one person and that person was a co-worker not a supervisor. (Dkt. No. 39, Exh. 1, p. 49, ll. 18-20). The same is true for the comments about her weight. (Dkt. No. 33, Exh.G, pp. 23-25). Thus, Plaintiff's claim is governed by those cases setting forth the grounds where an employer may be held liable for the conduct of a co-worker. The Tenth Circuit has identified three grounds for imposing liability based on the actions of a co-worker:

> (1) if the conduct violating Title VII occurred within the transgressor's scope of employment; (2) if the employer knew, or should have known about, the violation and failed to respond in a reasonable manner; or (3) if the transgressor acted with apparent authority or was aided in violating the statute by virtue of their agency relationship with the employer.

Wright-Simmons v. City of Oklahoma City, 155 F.3d 1264, 1269-70 (10th Cir. 1998). Here, only the second ground is implicated. Relevant to that ground, when the Court views the

facts in the light most favorable to Plaintiff, the following is established: At the end of October, Plaintiff called Defendant's human resources department, spoke with Ms. Witham, and asked who she needed to speak with to make a sexual harassment complaint. Plaintiff's testimony does not demonstrate that she informed Ms. Witham of any of the specifics of the harassment. Ms. Witham informed Plaintiff the proper person was Dr. Hernandez. On November 1st, Plaintiff contacted Dr. Hernandez and complained about the actions of Mr. Hodge, alleging he was slapping her on the buttocks.. Following Plaintiff's conversation with Dr. Hernandez, there were no further instances where she was slapped. Prior to her conversations with Dr. Hernandez, the only persons Plaintiff is aware of who witnessed a slapping incident or otherwise had any knowledge of an incident are her husband and father. Neither person is a supervisor or otherwise in authority for Defendant. Thus, there is no evidence Defendant had actual knowledge of the slapping prior to Plaintiff's complaints to Dr. Hernandez. Further, the evidence does not demonstrate that the slapping was so severe that Defendant's knowledge should be presumed. See Baker v. Weyerhaeuser Co., 903 F.2d 1342, 1346 (10th Cir. 1990) ("it is only when [the acts of harassment] are so egregious, numerous, and concentrated as to add up to a campaign of harassment that the employer will be culpable for failure to discover what is going on and to take remedial steps."). The evidence presented by Plaintiff makes clear that once Defendant was aware of the slapping, it acted in a manner that ended the harassment. Thus, Plaintiff cannot meet her burden of proving Defendant's response was not calculated to end the harassment. See Ford v. West, 222 F.3d 767, 776 (10th Cir. 2000) ("To constitute a reasonable response, the employer's

remedial and preventative action must be reasonably calculated to end the harassment. Plaintiff bears the burden of presenting evidence establishing a genuine issue of fact that the employer's response was unreasonable.") (citations omitted).  As for the comments, Plaintiff's testimony demonstrated that she asked the co-worker to stop making them and he did.  Plaintiff offers no testimony suggesting she ever reported the comments to any supervisor of Defendant.

Thus, the undisputed facts are clear that Plaintiff cannot establish her Title VII claim and Defendant's motion will be granted on this issue.

C.  Retaliation

Plaintiff argues that after she took approximately six weeks of FMLA leave following the birth of her son, Defendant began retaliating against her for using the leave.  In support of her position Plaintiff notes that one month after her return from FMLA leave, her supervisor, Mr. Hoffman, questioned her about an altered time card.  Plaintiff asserts that she explained to Mr. Hoffman that she had altered the time card at the direction of Mr. Hodge. According to Plaintiff, she arrived at work early one morning and was instructed not to clock in because of overtime issues.  Plaintiff states she began working and lost track of time. Plaintiff states that when she realized the time and clocked in, the recorded time showed she was late for work.  Plaintiff asserts she explained this to Mr. Hodge, the person in charge of time cards, and he instructed her to change the entry and that he would inform Mr. Hoffman. Plaintiff asserts that even though the situation was explained to Mr. Hoffman and Ms. Witham, Ms. Witham embarked on a plan to terminate Plaintiff.  Plaintiff argues the timing

of her termination, as well as the overblown nature of the time card issue, are evidence of pretext for retaliation for her use of FMLA leave.

Plaintiff argues her claims of Title VII retaliation are even more compelling, as the day after her complaints to Dr. Hernandez, she was given a negative evaluation by her supervisor and her probationary status was extended for an additional sixty days.

> To establish a prima facie FMLA retaliation claim, a plaintiff must show that (1) she availed herself of a protected right under the FMLA, (2) an employment decision adversely affected her, and (3) a causal connection between the two actions exists. Morgan v. Hilti, Inc., 108 F.3d 1319, 1325 (10th Cir. 1997). Once a prima facie case of discrimination is established, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for plaintiff's termination. If the defendant can do so, the burden shifts back to the plaintiff to produce evidence the employer's reason is a pretext for the retaliatory reason. Id. "A plaintiff can demonstrate pretext by showing weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's reasons for its action, which a reasonable fact finder could rationally find unworthy of credence." Richmond v. ONEOK, Inc., 120 F.3d 205, 209 (10th Cir. 1997).

Chavez v. Thomas & Betts Corp., 396 F.3d 1088, 1104 (10th Cir. 2005). There is no significant difference in the elements for a Title VII claim. See Dick v. Phone Directories Co., Inc., 397 F.3d 1256, (10th Cir. 2005).

Here, when viewed in the light most favorable to Plaintiff, the first two elements are met. Plaintiff took valid FMLA leave for the birth of her child and was later terminated by Defendant. Likewise, Plaintiff made a valid Title VII complaint and was later terminated by Defendant. It is at the third element that Plaintiff's claim fails.

Plaintiff argues the alteration of the time sheet was the basis for her termination. However, this argument ignores the other instances of Plaintiff's misconduct. As made clear

from the November 2, 2004, letter to Plaintiff from Mr. Hoffman (Dkt. No. 33, Exh. A-6), Defendant was concerned with a significant portion of Plaintiff's job performance. The letter makes clear Defendant was concerned with Plaintiff's "inappropriate use of leave, flex scheduling without prior approval and altering leave request forms," in addition to the time card changes. That letter also clearly explains to Plaintiff that she could not be absent from work during the extended probation time except for certain specified reasons. Plaintiff signed a copy of the letter. The termination letter (Dkt. No. 33, Exh. A-8), makes clear that Plaintiff was terminated because she altered a leave request and had once again altered her work schedule without prior approval. Thus, Defendant has clearly established legitimate non-discriminatory reasons for Plaintiff's termination. As noted above, the burden now shifts to Plaintiff to demonstrate pretext. Plaintiff does not deny the existence of Defendant's reasons for her termination but attempts to dismiss them as a "convenient crutch" on which to base her termination. Plaintiff also complains that Defendant's position was unnecessarily hard-line and that the temporal proximity to her FMLA leave period and/or her Title VII complaint supports her claim of retaliation.

Plaintiff's arguments are insufficient to carry her burden of showing pretext. Plaintiff's opinions and argument about the soundness of Defendant's decision does not create questions of fact from which "a reasonable factfinder could rationally find [those reasons] unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997) (citations omitted). Indeed, as noted above, Plaintiff does not dispute the correctness of the

facts as alleged by Defendant, rather she simply argues Defendant's reaction was overblown. Such an argument does not demonstrate Defendant's decision to terminate Plaintiff was premised on an improper basis. Accordingly, Plaintiff's FMLA and Title VII retaliation claims must fail and Defendant's motion will be granted on this issue.

## IV.  CONCLUSION

When viewed in the light most favorable to Plaintiff, the undisputed material facts entitle Defendant to judgment on Plaintiff's claims. Accordingly, Defendant's Motion for Summary Judgment (Dkt. No. 32) is GRANTED. A separate judgment will issue.

IT IS SO ORDERED this 23rd day of March, 2006.

_____
ROBIN J. CAUTHRON
United States District Judge